UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>James Stile</u>

   v.                                           Civil No. 15-cv-494-SM

<u>Strafford County Department
of Corrections et al.</u>[1]

**REPORT AND RECOMMENDATION**

On May 9, 2016, this Court issued an Order (Doc. No. 7_ granting plaintiff James Stile's leave to file an amended complaint, with respect to his claims of a First Amendment violation relating to incoming mail at the Strafford County Department of Corrections ("SCDC") in 2013.  Before the court are Stile's Response (Doc. No. 13) that Order, and Motion to Amend the Complaint (Doc. No. 28).  The proposed amendments to the complaint (Doc. Nos. 13 and 28) are here for preliminary review, pursuant to LR 4.3(d)(1).

**Motion to Amend Standard**

Because Stile is appearing pro se, the court construes his

---

[1] Defendants who have been served in this action are: the Strafford County Department of Corrections ("SCDC"); SCDC Superintendent Bruce Pelkie; SCDC Assistant Superintendent Jake Collins; SCDC Medical Director Tracey Warren; and SCDC Officers Robert Farrell, Laura Noseworthy, and Christopher Brackett.

pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  In general, under Fed. R. Civ. P. 15(a), leave to amend is to be "freely given."  Leave to amend may be denied, however, if the proposed complaint amendment would be futile.  See Todisco v. Verizon Comm., Inc., 497 F.3d 95, 98 (1st Cir. 2007); Resolution Tr. Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994). To make an assessment as to the futility of a proposed amendment, this court applies the standard for preliminary review of claims in this case.  The court may dismiss Stile's complaint, or any part or amendment to the complaint, if it "fails to state a claim on which relief may be granted."  28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).  To determine if the pleading states a claim, the court first disregards plaintiff's legal conclusions and then considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## Background

After the initial preliminary review of this matter, this court dismissed many of the claims asserted in Stile's Complaint

(Doc. No. 1).  See June 27, 2016 Order (Doc. No. 14) (approving May 9, 2016 R. & R. ("May 9 R&R") (Doc. No. 6)).  The court also directed the SCDC defendants to respond to claims that those defendants: initially placed Stile in segregation in the SCDC D-Pod, without a hearing, in violation of his Fourteenth right to due process; violated Stile's federal constitutional and statutory rights to religious freedom; and violated Stile's Eighth Amendment right to adequate medical care.  See May 9, 2016 Order (Doc. No. 7) ("May 9 Order").

For reasons stated in the May 9 R&R, the court found that the assertions in Stile's complaint, relating to the handling of his incoming mail at the SCDC in 2013, failed to state any claim upon which relief could be granted.  The court, therefore, granted Stile leave to amend his complaint to assert facts sufficient to state First Amendment claims relating to incoming mail at the SCDC in 2013.  Stile filed a response to the May 9 Order, relating to the incoming mail claims.[2]

---

[2]The May 9 Order also specifically granted Stile leave to amend his Eighth Amendment conditions of confinement claim alleging a lack of access to drinking water in February 2013 and to state a claim naming individual federal agents of the U.S. Marshals Service who may have violated Stile's Fifth Amendment due process rights through their involvement in Stile's initial placement in D-Pod at the SCDC.  Stile has not filed any proposed complaint amendment relating to either of those issues.

**Discussion**

I. **Return of Incoming Mail at SCDC in 2013**

Stile alleges that in 2013, while he was at the SCDC, the U.S. Marshals Service temporarily transferred him to other facilities. Stile alleges that, during those temporary transfers, which on one occasion lasted from July to September 2013, he received mail at the SCDC, and SCDC officials returned mail addressed to him to its senders, in lieu of holding it for him, as he had requested. Stile claims that personal and legal mail was affected, but points only to several items of court mail sent to him in 2013 that had been returned to the court as undelivered.[3] Stile states that the SCDC knew where he was, and that he would return to the SCDC, when SCDC employees returned mail in lieu of holding it. In response to the May 9 Order

---

[3] Documents mailed by the court to Stile on August 7 and September 24, 2013, in Stile v. Pelkie, No. 13-cv-071-PB (D.N.H.), were returned to the court marked "return to sender attempted-not known unable to forward" and "RTS attempted not known." See id. Notice (Aug. 19, 2013), ECF No. 6; id. Notice (Oct. 1, 2013), ECF No. 10. The court resent those documents to Stile at the SCDC, and Stile received them on October 3, 2013. In addition, this court's review of PACER for all cases in which Stile was a party in 2013 indicates that two letters sent to Stile at the SCDC in April and September 2013 by the District of Maine were returned as undeliverable. See "Mail (Notice of Correspondence #205)," United States v. Stile, No. 1:2011-cr-00185-JAW-1 (D. Me., docketed Oct. 7, 2013), ECF No. 237; "Returned Mail," Stile v. Cumberland Cty. Jail, No. 2:12-cv-260-JAW (D. Me., docketed Apr. 17, 2013), ECF No. 41.

(Doc. No. 7), directing Stile to name individuals who, while Stile was transferred out of the SCDC, knew or should have known where he was and that the transfer was only temporary, Stile named one individual, SCDC Lt. Lee, who, Stile states, was "in charge of mail distribution."

Stile alleges that the SCDC's failure to hold his mail for him violated his First Amendment right to receive incoming mail while in pretrial detention. Although an inmate has a First Amendment right to the "'free flow of incoming . . . mail,'" that right is necessarily limited in the prison context. Klimas v. Lantz, 531 F. App'x 6, 7 (2d Cir. 2013) (citations omitted). Institutional policies restricting the receipt of mail in prisons or pretrial detention facilities are valid if the policy is "reasonably related" to legitimate penological interests, and "[is] not an exaggerated response to prison concerns." Turner v. Safley, 482 U.S. 78, 90-91 (1987) (internal quotation marks omitted); accord Beard v. Banks, 548 U.S. 521, 528 (2006).

A jail has an interest in avoiding excessive demands on its limited staff and space resources. There is a rational relationship between the practice of returning incoming mail sent to an inmate who is not at the facility at the time the letter is received, and an institutional interest in avoiding

the excess resource demands of holding a temporarily-absent inmate's mail until the inmate returns.  Further, Stile has asserted no facts demonstrating that the practice of returning his mail, in lieu of holding it for his return, was an exaggerated response to the SCDC's interest in protecting its resources.

   Moreover, Stile has not alleged facts showing that he suffered any injury in any legal case because his mail was not held.  He has also not shown that he could not alleviate or eliminate the impact of the practice by notifying courts or other correspondents regarding his whereabouts when he spent any extended periods of time in other facilities.  Stile provided such notice to the District of Maine in <u>Stile v. Somerset Cty.</u>, No. 1:13-cv-00248-JAW (D. Me.), in advance of a two month transfer that lasted from July through September 2013.  <u>See</u> "Notice of Change of Address," <u>id.</u> (D. Me., docketed July 9, 2013), ECF No. 5.  Without more allegations suggesting that the practice of returning mail was not reasonably related to a legitimate penological objective, the allegations in the original complaint (Doc. No. 1) and in the response (Doc. No. 13) do not state a claim as to whether the SCDC practice of returning mail to the sender during Stile's absences from the

6

SCDC violated Stile's First Amendment rights while he in pretrial detention.  Therefore, the court should not allow a First Amendment claim regarding the SCDC's handling of Stile incoming mail to proceed in this action at this time, and Lee should not be added as a defendant.

## II.   Mail Handling at FCI-Fort Dix in 2016 (Doc. No. 28)

Stile has asked for a court ruling on whether the handling of his mail by the Federal Bureau of Prisons ("BOP") at FCI-Fort Dix-East, his current place of incarceration, is consistent with federal law and regulations.  See Doc. No. 28.  Stile has not pleaded facts that would warrant adding any claim arising from the facts alleged in Document No. 28 to this action.

"A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  "Despite the broad language of Rule 18(a)," however, a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all.  7 Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1655 (3d ed. 2001).  "Unrelated claims against different defendants belong in different suits," in part

7

"to ensure that prisoners pay the required filing fees," and that prisoners do not avoid exposure to the "three strikes" provision of 28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Without commenting on the merits of Stile's proposed claims relating to the handling of his mail at FCI-Fort Dix-East, the district judge should deny the motion to add those issues to this case.  No BOP agent or employee is a defendants to any claims here, and any claims that may be actionable concerning mail handling at FCI-Fort Dix-East, if any, do not arise out of any transaction or occurrence at issue here.  Accordingly, the district judge should deny the motion to amend (Doc. No. 28), without prejudice to Stile's ability to file a new action asserting the claims referenced therein, in a court of competent jurisdiction and venue.

## Conclusion

For the foregoing reasons, the magistrate judge recommends that the district judge decline to amend the complaint to add a First Amendment claim concerning incoming mail to Stile at the SCDC in 2013, and decline to join SCDC Lt. Lee as a defendant to this action.  Additionally, the magistrate judge recommends that

the district judge deny Stile's motion to amend (Doc. No. 28), regarding the handling of his mail at FCI-Fort Dix-East in 2016, without prejudice to Stile's ability to plead a similar claim in a new case, in a court of competent jurisdiction and venue.

Any objection to this report and recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See Garayalde-Rijos v. Muni. of Carolina, 747 F.3d 15-21-22 (1st Cir. 2014).

                                  _____
                                  Andrea K. Johnstone
                                  United States Magistrate Judge

October 31, 2016

cc: James Stile, pro se
     Corey M. Belobrow, Esq.