# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

James Stile

   v.                                  Case No. 15-cv-494-SM

Strafford County Department
Of Corrections, Bruce Pelkie,
Jake Collins, Tracey Warren,
Robert Farrell, Laura Noseworthy,
and Christopher Brackett

## REPORT AND RECOMMENDATION

Before the court for preliminary review, see LR 4.3(d)(1), is document no. 54. While captioned as a complaint, that pleading has been docketed as a motion to amend. In this Report and Recommendation, the court will refer to document no. 54 as a proposed complaint amendment. The defendants object (doc. no. 56). For the reasons that follow, the two claims that plaintiff seeks to add to this case should be dismissed.

## Background

This case was initiated by a 142-page complaint asserting claims under at least ten legal theories against 32 defendants. Four claims emerged from preliminary review: (1) a Fourteenth Amendment due-process claim against Bruce Pelkie, Laura

Noseworthy, and Christopher Brackett, arising from Stile's placement on D-Pod upon his arrival as a federal pre-trial detainee at the Strafford County House of Corrections ("SCHC"), which employed Pelkie (as Superintendent), Noseworthy (as a Sergeant), and Brackett (as a Lieutenant); (2) a Fourteenth Amendment inadequate-medical-care claim against Pelkie and Tracey Warren, arising from their alleged denial of a prescription medication to Stile; (3) a First Amendment free-exercise-of-religion claim against Pelkie, Jake Collins, Robert Farrell, and Brackett, arising from Stile's alleged lack of access to weekly religious services while being housed in D-Pod; and (4) a claim under the Religious Land Use and Institutionalized Persons Act, against the SCHC, Pelkie, Collins, Farrell, and Brackett, also based upon Stile's lack of access to religious services while housed in D-Pod.

Also as a result of preliminary review, plaintiff was given leave to file complaint amendments that: (1) identify any federal agents associated with the United States Marshals Service ("USMS") who may have been responsible for his initial placement in D-Pod at the SCHC, and allege facts that, if proven, would render those federal agents liable for the due-process violation described above; (2) allege facts concerning a

claim that Stile's First Amendment rights were violated by the manner in which SCHC officials handled his mail; and (3) allege facts concerning a Fourteenth Amendment conditions-of-confinement claim based upon an alleged deprivation of drinking water during a time when his cell was flooded.[1]  All three claims were addressed in the May 9, 2016, Report and Recommendation ("R. & R.") on preliminary review, document no. 6.  The mail-handling and drinking-water claims were addressed in the Order directing service, document no. 7, that was issued in conjunction with the R. & R.  The housing-placement claim was inadvertently omitted from the Order, but as the R. & R. was approved, see doc. no. 14, plaintiff's leave to file a complaint amendment covers all three claims.

In the Order directing service, Stile was given until June 10, 2016, to file an amended complaint correcting the deficiencies in pleading his mail-handling and drinking-water claims.  That deadline was extended, and on August 26, 2016, plaintiff filed a motion to amend his complaint to allege facts concerning his mail-handling claim, but not his drinking-water

---

[1] The court also dismissed the claims in paragraphs 42 through 169 of the complaint, "without prejudice to plaintiff's ability to file separate actions that comply with Federal Rules of Civil Procedure 8, 19, and 20 . . . ."  R. & R. (doc. no. 6) 25.

or housing-assignment claims.  The motion was denied.  See doc. nos. 44 & 55.  On October 27, 2016, this court gave plaintiff until November 18, 2016, "to file a complaint amendment adding new allegations relating to his initial placement in [D-Pod] in January 2013, and naming individual USMS agents as new defendants."  Order (doc. no. 42) 2.  On November 15, 2016, this court granted plaintiff's motion to stay all proceedings.  On December 6, 2016, the stay was lifted.  On January 27, 2017, plaintiff filed th proposed complaint amendment that is now before the court for preliminary review.

## **The Legal Standard**

Because Stile is appearing pro se, the court construes his pleadings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  As a general matter, under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend should be "freely given."  However, leave to amend may be denied if the proposed complaint amendment would be futile because it "fails to state a plausible claim for relief," Privitera v. Curren (In re Curren), 855 F.3d 19, 28 (1st Cir. 2017), which is the same standard that governs preliminary review, see 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

**Discussion**

Unlike document no. 28, a one-page filing in which plaintiff sought to amend his mail-handling claim, document no. 54 is a 104-page complaint that includes 172 paragraphs of supporting facts and 74 paragraphs of claims for relief. This "new" complaint consists largely of plaintiff's original complaint, including all of the claims that were dismissed, with some new allegations added in. While the court has granted plaintiff leave to amend his drinking-water claim and his housing-placement claim, it has not granted him leave to amend any of his other claims. Accordingly, to the extent that plaintiff is seeking to reassert those claims in document no. 54, the district judge should dismiss them for the same reasons and on the same terms described in the May 9, 2016, R. & R. Accordingly, in the balance of this section, the court deals individually with each of the two remaining claims that plaintiff has been given leave to amend.

**I. Drinking-Water Claim**

In the Order directing service, the court gave Stile a deadline for amending his drinking-water claim and specified four sets of factual allegations that would be necessary to state a claim upon which relief can be granted. In his proposed

complaint amendment, plaintiff identifies Lieutenant Lee as the SCHC officer who provided him with only eight ounces of water per day, which was one of the four facts that he was directed to allege. He did not, however: (1) identify the SCHC officers who knew that he had been given only eight ounces of water per day; (2) "[s]tate with specificity the facts upon which [he] asserts that defendants knew about [his] lack of access to drinking water," Order (doc. no. 7) 4; or (3) state facts concerning his access to other fluids and the amount of time he was without access to fluids.

In their objection to Stile's proposed complaint amendment, defendants argue that leave to amend should be denied because plaintiff's pleading is untimely and because it does not correct the deficiencies in his original complaint. They are correct on both counts.

In the Order directing service, this court set a deadline for Stile to move to amend his drinking-water claim. In the motion to amend that he filed in August of 2016, he raised only his mail-handling claim. See R. & R. (doc. no. 44) 3 n.2. He did not file the proposed complaint amendment that is currently before the court until late January of 2017. That cannot possibly count as a timely response to the Order directing

6

service, and plaintiff has not replied to defendants' objection. Necessarily, plaintiff offers no argument for the timeliness of the proposed amendment of his drinking-water claim. Because it is grossly untimely, plaintiff's request to amend his drinking-water claim should be denied.

However, even if it were timely, plaintiff's request to amend his drinking-water claim would be subject to denial because his proposed complaint amendment does not state a claim upon which relief can be granted. In the Order directing service, the court identified four sets of facts plaintiff needed to allege in order to state a plausible claim for relief. While his proposed complaint amendment identifies an SCHC officer who gave him the amount of drinking water alleged in the complaint, it does not address any of the three other sets of facts described in the Order. Accordingly, even if Stile's proposed complaint amendment were timely as to the drinking-water claim, that claim should still be dismissed for failing to satisfy the applicable pleading standard.

## II. Housing-Placement Claim

A housing-placement claim against Pelkie, Noseworthy, and Brackett survived preliminary review. In addition to asserting that claim against Pelkie, Noseworthy, and Brackett, plaintiff

also alleged that those three defendants all told him that his placement in D-Pod had been directed by the USMS, and on that basis, he named the USMS as a defendant. However, for reasons that the court need not revisit, plaintiff's housing-placement claim was dismissed as to the USMS. That dismissal, however, was without prejudice to Stile's

> Fil[ing] a complaint amendment identifying any federal agents who may be responsible for Stile's initial placement in D-Pod, and stating all relevant factual allegations concerning what those federal agents did that could render them potentially liable under <u>Bivens [v. Six Unknown Named Fed. Narc. Agents</u>, 403 U.S. 388 (1971)].

R. & R. (doc. no. 6) 4.

In his proposed complaint amendment, Stile devotes two paragraphs to asserting a housing-placement claim against three federal agents:

> Defendant United States Marshal Service employees Alex Patnode, Dean Knightly, [and] Randy Ossinger did confine the Plaintiff James Stile as a pre-trial detainee at the Strafford County House of Corrections pursuant to a detention order issued by the United States District Court of the District of Maine on January 15, 2013 until February 13, 2015 in which timeframe, the events described in the complaint occurred. The "USMS" employee[s] [were] responsible for the care and safety and medical care of the Plaintiff during this period of incarceration at "SCHOC". "USMS" employees Dean Knightly, Randy Ossinger, [and] Alex Patnode [are] sued in [their] individual and official capacities.
>
> . . . .

8

> From January 15, 2013 until February 25, 2013, Plaintiff was held in oppressive conditions in segregation as a maximum security prisoner without due process in violation of Plaintiff's Fourteenth Amendment right to procedural due process. This deprived the Plaintiff of state established liberty interests, and caused Plaintiff both physical and emotional suffering. Plaintiff was deprived of well established Constitutional standards by this oppressive imprisonment that amounted to discriminatory acts without due process.

Am. Compl. (doc. no. 54) ¶¶ 3, 33.

There is an argument to be made that plaintiff's proposed complaint amendment is not timely as to his housing-placement claim, given that: (1) the case was stayed with three days remaining before the deadline for filing a complaint amendment; and (2) the proposed complaint amendment was filed approximately six weeks after the stay was lifted. But the court need not reach that issue, because even if it were to deem the amendment timely, it does not state a claim upon which relief can be granted.

Plaintiff was specifically directed in the May 9, 2016, R. & R. to "stat[e] all relevant factual allegations concerning what [Knightly, Ossinger, and Patnode] did that could render them potentially liable under <u>Bivens</u>." Doc. no. 6, at 5. Similarly, in its order of October 27, 2016, this court extended "the deadline for Stile to file a complaint amendment adding new

9

allegations relating to his initial placement in [D-Pod] in January 2013, and naming individual USMS agents as new defendants." Doc. no. 42, at 2. While the proposed complaint amendment complaint names Knightly, Ossinger, and Patnode as defendants, it does not add any new factual allegations concerning the involvement of those defendants in his placement in D-Pod. To the contrary, unlike the original complaint, which alleged that the USMS directed his placement in D-Pod, the proposed complaint amendment, even when construed most liberally, see Erickson, 551 U.S. at 94, makes no allegations about any conduct by Knightly, Ossinger, or Patnode that, if proven, would subject them to liability for a due-process violation in a Bivens action. Because the proposed complaint amendment fails to state a claim upon which relief can be granted against Knightly, Ossinger, or Patnode, plaintiff's housing-placement claim against those three defendants should be dismissed.

## Conclusion

For the reasons detailed above, both the drinking-water claim and the housing-placement claim against Knightly, Ossinger, and Patnode that are asserted in the proposed

complaint amendment, document no. 54, should be dismissed, and to the extent that pleading is being treated as a motion to amend, it should be denied.

Any objection to this Report and Recommendation must be filed within 14 days of receipt of this notice. <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. <u>See</u> <u>United States v. De Jesús-Viera</u>, 655 F.3d 52, 57 (1st Cir. 2011); <u>Sch. Union No. 37 v. United Nat'l Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 2, 2017

cc: James Stile, pro se
    Corey Belobrow, Esq.